**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
CASE NO. 0:09-cv-48-DLB**

**CSX TRANSPORTATION, INC.**                                **PLAINTIFF**

**V.**      **PLAINTIFF, CSX TRANSPORTATION, INC.'S, MOTION TO
COMPEL DEFENDANT TO RESPOND TO DISCOVERY REQUESTS**

**ARKEMA, INC.**                                      **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, CSX Transportation, Inc. ("CSXT"), by counsel, and moves the Court for an Order compelling Defendant to answer Interrogatories and Requests for Production of Documents propounded to Defendant on March 3, 2010. For grounds, Defendant states:

1)     On June 11, 2009, the Plaintiff instituted the above-styled action.

2)     On March 3, 2010, the Plaintiff served Interrogatories and Requests for Production of Documents upon the Defendant in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure. See *Certificate of Service*, attached hereto as Exhibit A.

3)     Pursuant to the Federal Rules of Civil Procedure, Defendant should have filed their responses to Plaintiff's discovery no later than April 5, 2010.

4)     On April 16, 2010, Plaintiff sent a letter to Defendant's counsel requesting that the discovery be provided. See *Letter of April 16, 2010*, attached hereto as Exhibit B.

5)     Defendant did not respond to Plaintiff's letter of April 16, 2010.

6)     On May 27, 2010, Plaintiff sent another letter to Defendant's counsel again asking that the discovery be provided. See *Letter of May 27, 2010*, attached hereto as Exhibit C.

7)     Counsel for the parties have conferred on the telephone, and by email, regarding the status of Defendant's responses to Plaintiff's discovery. Defendant has provided some

informal responses to discovery. (See email transmissions of June 4, May 31, and May 28, 2010, attached hereto as Exhibit D). However, to date, Defendant Arkema has yet to serve responses to Plaintiff CSXT's discovery, including Answers to Interrogatories which seek specific information about defenses raised by Defendant. Further, Plaintiff is unable to proceed with discovery in the form of depositions without the benefit of its discovery which was to have been answered in early April 2010, over sixty days ago.

Although Plaintiff appreciates Defendant's willingness to share informal data responsive to its discovery, despite the many communications between counsel, CSXT has nonetheless been unable to secure the actual responses to its discovery, nor a date certain by which it would be answered. (*Id.*). In fact, the last communication from defense counsel was that he was not authorized to answer CSXT's discovery, and no indication of when the responses would be served was provided. (*Id.*, at 6/4/10 communication).

Finally, counsel for CSXT wrote to Arkema's counsel on June 10, 2010, in yet another attempt to obtain the discovery responses. See *Letter of June 10, 2010*, attached hereto as Exhibit E. To date, no response to this letter has been received. In total, counsel for CSXT has written three letters, exchanged various emails, and spoken to counsel for Arkema concerning the late discovery responses. These efforts have not solved the discovery dispute and therefore CSXT must seek relief from the Court.

Based upon the various communications detailed herein, Counsel for CSXT certifies pursuant to LR Civil Practice 37.1 that it has attempted to resolve this discovery dispute before seeking relief from the Court.

8) This Court has presently entered a Scheduling Order setting a deadline of July 30, 2010 for Plaintiff to provide Rule 26(a)(2) reports from their expert witnesses.

9) Because of Arkema's delay in responding to CSXT's discovery, CSXT is unable to comply with the Court's Scheduling Order deadline for the disclosure of expert testimony. CSXT will be required to schedule depositions, based upon the responses to its discovery, in order to adequately meet its expert disclosure deadline, and CSXT has been unable to proceed with discovery while it waits for Arkema's responses.

**WHEREFORE**, the Plaintiff prays the Court for an Order compelling Defendant to Answer the Interrogatories and Requests for Production of Documents propounded on them on March 3, 2010, and that Court extend Plaintiff CSXT's deadline to disclose expert testimony an additional 90 days beyond the date it receives responses to its discovery. Plaintiff CSXT also requests any further relief the Court deems just, including its costs in bringing this motion.

Respectfully submitted,

s/  James E. Cleveland, III
James E. Cleveland, III, Esq.
**HUDDLESTON BOLEN LLP**
855 Central Avenue, Suite 301
P.O. Box 770
Ashland, KY  41105
(606) 329-8771
email:  jcleveland@huddlestonbolen.com

and

Paul J. Loftus, Esq.
**HUDDLESTON BOLEN LLP**
Post Office Box 2185
Huntington, WV  25722-2185
(304) 529-6181
email:  ploftus@huddlestonbolen.com

**Counsel for Plaintiff,
CSX Transportation, Inc**.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 17th day of June, 2010 electronically through the operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James E. Cleveland, III_____  
Attorney for Plaintiff